William G-. Easton, J.
This is an application, brought on by an order to show cause, for an order annulling, vacating and setting aside a determination of the Commissioner of Motor Vehicles dated June 30,1969 denying the issuing of an operator’s license to the petitioner. Petitioner was convicted of driving while intoxicated, on October 4, 1960, for a violation occurring on May 19, 1960, for which his operator’s license was revoked but later reissued. He was also convicted on April 17, 1967 for a violation on March 20, 1967 of driving while intoxicated, as a result of which the Commissioner refused to issue a new operator’s license on June 30, 1969. The Commissioner acted under the mandatory provision of subdivision 6 of section 510 of the Vehicle and Traffic Law which provides as follows (as amd. by L. 1966, ch. 963): “ such commissioner shall not issue a new license, nor restore the old, in any event, where a person *97 has been twice convicted of driving a motor vehicle or motorcycle while intoxicated or while his ability to operate such motor vehicle is impaired by the use of a drug as defined in this chapter where personal injury has resulted from such driving while intoxicated or where such driving has been impaired by the use of a drug as defined in this chapter in each instance. ’ ’
Petitioner claims that that subdivision 6 of section 510 does not apply to the petitioner’s conviction for the first violation which occurred prior to October 1, 1960 which was the effective date of that section as specified in chapter 184 of the Laws of 1960. However, a close reading of the statute indicates that the amendment contained in chapter 651 of the Laws of 1965 renumbered former subdivision 5 into the present subdivision 6, and that it did not change the pre-existing law already contained in subdivision 5 of section 510 which provided that 1 ‘ the commissioner shall not issue a new license, nor restore the old, in any event, where a person has been twice convicted of driving a motor vehicle or motorcycle while intoxicated, where personal injury has resulted from such driving while intoxicated in each instance.” (Vehicle and Traffic Law of 1929, § 71, as amd. by L. 1930, ch. 26.) The amending statute (L. 1966, ch. 963) concerned itself only with the operation of motor vehicles while the driver’s ability is impaired, but did not amend the pre-existing law as to intoxication.
The convictions here involved were for intoxication and not impairment. Personal injuries resulted from both instances. Hence, the former provisions of subdivision 5 of section 510 of the Vehicle and Traffic Law still survived as to convictions for violations of driving while intoxicated. The petitioner’s application is denied.